UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

LARRY MICHAEL SLUSSER,

    Petitioner,

v.                                          CIVIL ACTION NO. 5:21-cv-00544

WARDEN W. HOLZAPFEL,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending is Petitioner Larry Michael Slusser's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. 1], filed September 30, 2021. This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Tinsley filed his PF&R on August 7, 2023. Magistrate Judge Tinsley recommended that the Court deny Mr. Slusser's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. 1] and dismiss this action. Mr. Slusser timely objected. [Doc. 16].

**I.**

Mr. Slusser is federal inmate currently incarcerated at the Federal Correctional Institution ("FCI") Beckley located in Beaver, West Virginia. On January 4, 2021, staff at FCI Edgefield, located in Edgefield, South Carolina, filed Incident Report ("IR") 3463258 charging Mr. Slusser with "Refusing Drug/Alcohol Test" in violation of Federal Bureau of Prisons ("BOP") Disciplinary Code 110. [Doc. 10-1B]. The report describes the factual basis for the charge as follows:

> On January 4, 2021 at approximately 2025 I entered special housing unit to conduct a second breathalyzer test on Inmate SLUSSER, LARRY, #43981-074. Inmate Slusser was given an order to submit to a second breathalyzer test to which he refused (first test was positive at .188).

[*Id.*]. On January 14, 2021, Mr. Slusser came before a Disciplinary Hearing Officer ("DHO") for a hearing wherein he was found guilty of the charge and sanctioned with the disallowance of 41 days of good conduct time ("GCT"), 30 days of disciplinary segregation, and loss of e-mail privileges for 90 days. [Doc. 10-1E at 3]. A separate incident report charging Mr. Slusser with use or possession of drugs or alcohol (IR 3463265) was dismissed by the DHO. [Doc. 2 at 2].

On September 30, 2021, Mr. Slusser filed the instant petition challenging the institutional disciplinary action taken against him at FCI Edgefield. [Doc. 1]. Mr. Slusser contends that the disciplinary proceedings violated his due process rights because IR 3463258 did not clearly document Mr. Slusser's alleged refusal to take a second breathalyzer test, there was insufficient evidence to support his guilt on the charge, and the DHO was not impartial and failed to consider all available evidence. [Doc. 2 at 6–9]. Mr. Slusser further asserts that a second breathalyzer test was not administered within 15 minutes of the first test as is required by the applicable prison policy statement. [*Id.* at 5]. Mr. Slusser seeks to have IR 3463258 expunged, his GCT reinstated, and the points that increased his custody classification removed. [Doc. 1 at 6–7; Doc. 2 at 8–9].

On August 7, 2023, Magistrate Judge Tinsley recommended that the Court deny Mr. Slusser's petition for failure to state a claim upon which relief can be granted.

**II.**

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to

which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) (emphasis added) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*."). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### III.

Mr. Slusser objects to the magistrate judge's finding that the factual basis for the charge contained in IR 3463258 was constitutionally sufficient to support the DHO's finding of guilt. Because prison disciplinary proceedings are not criminal prosecutions, inmates in such proceedings do not enjoy "the full panoply of due process rights due a defendant in . . . [criminal] proceedings." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "Revocation of good time credits is not comparable to a criminal conviction . . . neither the amount of evidence necessary to support such a conviction . . . nor any other standard greater than some evidence applies in this context." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 456 (1985) (internal citations omitted) (first citing *Wolff*, 418 U.S. at 556, and then citing *Jackson v. Virginia*, 443 U. S. 307 (1979)).

Where a prison disciplinary hearing may result in the loss of good time credit, due process requires the following: (1) advance written notice of the charges be given to the inmate at least twenty-four hours before the disciplinary hearing; (2) the inmate be provided a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action; (3) the inmate be permitted to call witnesses and present documentary evidence in his defense if allowing him to do so will not jeopardize institutional safety or correctional goals; (4) the inmate be permitted to use the aid of a fellow inmate, or if that is forbidden, aid from staff or a competent

3

inmate designated by staff, if the inmate is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case; and (5) the factfinder be impartial. *Wolff*, 418 U.S. at 564–71.

In *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1985), the Supreme Court of the United States held that the revocation of good time credits met minimum due process requirements where "there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . ." *Id.* at 454. In making this assessment, courts do not make an "independent assessment of the credibility of witnesses" or weigh the evidence. *Id.* at 455–56. Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached" by the disciplinary officer. *Id.* "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." *Id.*

IR 3463258 was delivered to Mr. Slusser on January 5, 2021, the day immediately following the reported incident and more than a week before his January 14, 2021, DHO hearing. [Doc. 10-1B at 1]. Mr. Slusser was charged with refusing to submit to a second breathalyzer test, in violation of BOP Disciplinary Code 110, after an initial test determined Mr. Slusser's blood alcohol content was .188. [*Id.*]. When given IR 3463258, Mr. Slusser stated, "I did not refuse to blow in the breathalyzer," indicating that he understood the nature of the charge against him. [*Id.*]. Accordingly, the Court finds that IR 3463258 contained sufficient factual detail to make Mr. Slusser aware of the disciplinary charge against him and an allow him to prepare a defense. *See Wolff*, 418 U.S. at 564 ("We hold that written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense.").

4

Moreover, despite being advised of his rights to do so, Mr. Slusser waived both his right to have aid from a staff representative[1] and his right to present witnesses at the DHO hearing. [Doc. 10-1C; Doc. 10-1E at 3]. Mr. Slusser did not submit any documentary evidence at the hearing, but did state, "I was drunk but I do not remember the officer ordering me to take another test." [Doc. 10-1E at 3]. In addition to IR 3463258 and Mr. Slusser's statement, the DHO considered another staff memorandum and a photograph.[2]

Ultimately, Mr. Slusser's case comes down to his word against the charging officer's written account of the incident—a classic "he said, she said" dispute. At this stage, the Court is not at liberty to weigh the evidence or assess the credibility of witnesses. Rather, the Court asks only "whether there is any evidence in the record that could support the conclusion reached" by the disciplinary officer. *Superintendent, Mass. Corr. Inst.*, 472 U.S. at 455–56. And the Court finds that there is. As detailed in the DHO written report summarizing the evidence relied on and reasons for the disciplinary action instituted, the DHO "simply believe[d] [the charging officer's declaration that Mr. Slusser] refused to take a second breathalyzer test." [Doc. 10-1E at 3]. The DHO found that the charging officer's written account of the incident outweighed Mr. Slusser's declaration to the contrary, [*Id.*], and the Court concludes the evidence before the DHO was sufficient to meet the requirements imposed by the Due Process Clause.

---

[1]   While section III(B) of the DHO Report, titled "Summary of Inmate Statement," reflects Mr. Slusser may have requested a staff representative at the DHO hearing, section II(A) of the Report shows that he ultimately waived his right to have a staff representative, and section II(E) shows no staff representative was present. [Doc. 10-1E at 1]. Petitioner does not challenge the absence of a staff representative, and he does not claim any prejudice from not having a staff representative present. [Doc. 1].

[2]   Section III(D) of the DHO Report reflects that the DHO considered the "[o]fficer's written report, photo and staff memo." [Doc. 10-1E at 2]. However, the mentioned "photo and staff memo" were not made part of the record before this Court.

Mr. Slusser also objects to the magistrate judge's finding the DHO was impartial. Mr. Slusser contends that the DHO was not impartial because he did not consider Mr. Slusser's assertion that a second breathalyzer test was not administered 15 minutes after the first positive test, as is required pursuant to BOP Policy Statement 6590.07(8). [Doc. 1 at 6 –7; Doc. 2 at 8–9]. However, Mr. Slusser was not found guilty of being in possession of alcohol or drugs or of being intoxicated. He was found guilty of refusing to take a second breathalyzer test. Thus, the fact that a second breathalyzer test was not timely administered in accordance with BOP policy is immaterial to the DHO's finding of guilt on the charge contained in IR 3463258.

## IV.

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 14**], **DENIES** the Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [**Doc. 1**], and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: December 20, 2023

Frank W. Volk
United States District Judge